UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

KATTOUAH, NASHWA,　　　　　　　　　　　　　Case No. 09-53287
　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　Debtor.　　　　　　　　　　　　　　　Hon. Walter Shapero

_____/

**OPINION GRANTING DEBTOR'S MOTION
TO CONFER STANDING TO PURSUE A CAUSE OF ACTION**

**Background**

Nashwa Kattouah ("Debtor") has moved to confer on herself standing to pursue a cause of action. Her motion alleges that Marc A. Goldman & Associates, P.C. ("Creditor") filed a proof of claim asserting status as a secured creditor by virtue of having obtained a state court judgment against Debtor pre-petition, and having recorded that judgment with the Oakland County Register of Deeds some 15 days prior to Debtor filing this Chapter 13 case. The cause of action Debtor seeks standing to pursue is a preference action under 11 U.S.C. § 547(b) to avoid that asserted lien. Creditor opposes, citing the language of 11 U.S.C. § 544, which confers standing to pursue such an action explicitly (and only as the Creditor argues) on the Trustee. At a hearing on the Motion, the Trustee stated that she would not herself pursue the preference action, but was perfectly willing to assign her rights to do so to the Debtor, and would otherwise consent to the Debtor doing so.

**Discussion**

This Court, among others, has opined generally on this standing issue. It did so in the case of *Lewis v. Mortgage Electronic Registration Systems, Inc.*, A.P. Case No. 07-06381 (E.D. Mich. April 9, 2008). This Court's views on the subject remain generally as expressed in that case, which

1

in essence, while denying standing in that particular case, left the door open for exercise of discretion to allow standing in described situations. Of particular moment is the Sixth Circuit's Opinion in *The Gibson Group, Inc.*, 66 F.3d 1436 (6th Circ. 1995). In *Gibson*, a chapter 11 case, that court set out the guidelines under which a creditor might gain standing to pursue a preference or fraudulent conveyance action. In this Court's opinion, (a) a chapter 11 debtor in possession is sufficiently similar to a pre-plan confirmation chapter 13 debtor so as to apply those guidelines in such a chapter 13 case; and (b) those guidelines are essentially met in this case. Thus, there is a colorable preference claim that would benefit the estate; the Trustee has declined to bring the action herself, but is amenable to the Debtor doing so; and the declination by the Trustee, while understandable and possibly even "justified" from the chapter 13 Trustee's point of view, would leave the Debtor totally without a remedy that relates directly to the nature, substance and outcome, insofar as creditors are concerned, of a potentially confirmable chapter 13 plan, and (c) in this case, the Debtor, rather than a creditor, is the one seeking standing to pursue a preference action in the context of a Chapter 13 case, keeping in mind the statute (11 U.S.C. § 1306(b)) which says that, unless the confirmed plan provides otherwise, it is the Debtor that remains in possession of the property of the estate (which would, under 541(a)(3)) include a preference of avoidance cause of action.

      Accordingly, the Debtor's Motion is granted. The Court is entering an appropriate order.

**Signed on March 24, 2010**

                                                    **/s/ Walter Shapero**
                                                    **Walter Shapero**
                                                    **United States Bankruptcy Judge**