UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

NASHWA KATTOUAH

      Debtor.
_____/

Case No.: 09-53287
Chapter 13
Hon. Walter Shapero

## OPINION DENYING DEBTOR'S OBJECTION TO PROOF OF CLAIM OF MARC A. GOLDMAN & ASSOCIATES, P.C.

Prior to the filing of this case on April 28, 2009, Marc A. Goldman & Associates, P.C. ("Claimant") had become the owner of a claim emanating from a pre-petition judgment against the Debtor. Post filing, Claimant filed a proof of claim in the amount of $95,903.00, which apparently was the amount of the judgment, plus statutory post judgment interest, stating the basis for the claim was the judgment and that the claim was secured by way of a recorded judgment lien. Claimant moved to dismiss the case and objected to confirmation on various grounds which resulted in consolidated proceedings and hearings on such. Claimant amended the claim stating the amount to then be $122,351.64 plus statutory post judgment interest plus attorneys fees and costs, and continuing to state the claim was a secured claim. Debtor objected to the aspects of the claim that sought secured status and the inclusion of post petition attorneys fees and costs. At some point the Debtor filed an adversary proceeding seeking to hold the judgment lien secured aspect of the claim invalid. The Court eventually voided that judgment lien. Previously, Claimant's objections to confirmation and for dismissal were overruled and Debtor's plan, providing for a 13% payment to unsecured creditors, was confirmed by an order dated January 3, 2011. That confirmation order specified that Claimant's claim was to be treated as a Class B unsecured claim in an amount to be

1

determined by the court based on the previous objection to claim filed by this debtor. That confirmation order also referred to the adversary proceeding order which related to voiding the judgment lien, and in reference thereto stated that Claimant was to be treated as a Class B unsecured creditor. At the time of the entry of that confirmation order, the various claims objections and related proceedings had not yet been fully concluded.

Separate proceedings were also filed in relation to the post petition attorney fees and costs aspect of the claim by way of Debtor's objection to the amended claim including those items. Those latter proceedings resulted in an opinion of the Court on July 27, 2011, concluding Claimant was not entitled to such. That opinion directed the Debtor "to present an appropriate order."

Thereafter, on August 17, 2011, the Debtor filed a certification of no response to Debtor's previous objection to proof of claim of the Claimant, saying that Debtor's objection to the claim had been filed on April 5, 2010, and a response had been received and an opinion had been entered by the court and that "therefore, the Court may allow entry of an Order Granting Debtor's Objection to Proof of Claim of Mark A. Goldman & Associates, P.C." Along with that certificate, Debtor presented a form of an order to be entered. That order was not presented to Claimant prior to its entry as E.D. Mich. LBR 9021-(6)(4) requires, and as the July 27, 2011, opinion directed (presentment not having been waived). On August 18, 2011, an order was entered (Docket No. 248). It states:

**ORDER GRANTING DEBTOR'S OBJECTION TO PROOF OF CLAIM OF MARC A. GOLDMAN & ASSOCIATES[,] P.C.**

This matter having come on for hearing before the Court by way of the objection of the Debtor to the allowance of the claim of the above referenced creditor, service having been made with a notice of hearing allowing a thirty (30) day notice pursuant to Bankruptcy Rule 3007, a hearing having been held, the Court having heard the matter in open Court and for the reason stated on the record;

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

2

> The objection to the Proof of Claim filed by the above-referenced Creditor is hereby granted. To the extent that the Chapter 13 Standing Trustee has previously made disbursements to such Creditor, the Trustee shall not be obligated to recoup the same.
>
> IT IS FURTHER ORDERED as follows: *[Only provisions checked below apply]*
>
> [x] Class 5 Secured Continuing Claim shall be disallowed as to Marc A. Goldman & Associates, P.C. docketed as Claim 6-3 in the amount of $122,351.64[;]

Following entry of that order Claimant filed yet another claim for the $95,903.00 to which the Debtor objected on the ground that order was a denial of the entire claim. It is that objection that precipitated this latest hearing before the Court.

In retrospect, the Court improvidently entered that order because it was not properly presented to Claimant prior to entry. That said, however, it should, even as entered, be construed as only effectuating the mandate of the July 27, 2011, Opinion. It should not be construed to mean anything other or more than what was necessary and concluded by it, considered in the light and context of the other rendered opinions. That was, and is, that the status of the Claimant's claim in this case as of the point in time of its entry was, and remains, that (a) it is not a secured claim, the judgment lien having been voided by the Court; (b) it cannot include post petition attorneys fees and costs, as was the specific mandate, and the only mandate and holding of this Court's July 27, 2011, opinion, and (c) it is a valid unsecured claim for $95,903.00. Such a conclusion is that which reflects all the recited opinions and actions of this Court on the noted various specific issues and objections to the claim raised by Debtor, as well as the provisions of the confirmed plan, none of which as far as the Court can tell in reviewing all of the objections to the claims and the proceedings incidental thereto, attacked or pursued the matter of the amount of the underlying pre-petition $95,903.00 judgment against the Debtor. (If that is not correct, and, Debtor, within 10 days from the date hereof by appropriate motion, demonstrates to the Court that in fact there were specific filed

objections to that underlying judgment amount that have not yet been adjudicated and Debtor states a valid and justiciable basis for such objections which the Debtor wishes to further litigate, the Court may entertain the possibility of further hearings- but only on such issues.)

Before the Court is a claims allowance issue, and as such comes within the Court's authority as set forth in 11 U.S.C. § 502(j) permitting reconsideration of the allowance or disallowance of a claim for cause and permitting the Court to act "according to the equities of the case," and, as such, coupled with implementing Fed.R.Bankr.P. 3008 authorizes the entry of an "appropriate order." Such an order is one reflecting the Courts indicated conclusions as to the status of the subject claim. Claimant shall present an appropriate order effectuating this Opinion, pursuant to the applicable rule.

**Signed on February 09, 2012**

                                               **/s/ Walter Shapero**
                                         **Walter Shapero**
                                         **United States Bankruptcy Judge**